UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIA LOPEZ,

                      Plaintiff,

     -against-

BEST BUY CO., INC.,

                Defendant -------------
------------------------------------------------------------X

Civil Action

Case No.:

**NOTICE OF REMOVAL**

Defendant, BEST BUY CO., INC. ("BEST BUY") by their attorneys, FISHMAN MCINTYRE BERKELEY LEVINE SAMANSKY, P.C., respectfully petition the United States District Court, Eastern District of New York, upon information and belief, as follows:

1. This case was originally commenced on or about May 26, 2020 in the Supreme Court of the State of New York, County of Queens. The suit is identified in the Supreme Court as <u>Maria Lopez v. Best Buy Co., Inc.,</u> Index Number 705483/2020E. A true copy of plaintiff's Summons and Verified Complaint is cumulatively annexed hereto as **Exhibit A**.

2. BEST BUY first received notice of plaintiff's summons and complaint on or about June 4, 2020. See **Exhibit B.**

3. The grounds for removal are based on the original jurisdiction of this Court under 28 U.S.C. § 1332, which allows this court to hear matters based on diversity of citizenship of the parties. BEST BUY filed an answer to the plaintiff's complaint in the Supreme Court, the State of New York, County of Queens on July 2, 2020. A true copy is annexed hereto as **Exhibit** C.

4. The Plaintiff's Complaint in the Supreme Court of the State of New York, County of Queens, asserts monetary damages relating to personal injuries in a non-specified amount. However, Plaintiff specifically claims that as a result of the incident complained of

therein, the plaintiff "was caused to sustain serious personal injuries, severe shock to her nervous system, certain internal injuries and has been caused to suffer severe physical pain as a result thereof." (*See* "**Exhibit A,** plaintiff's complaint, paragraph 19).

5. At or about the time BEST BUY filed an answer to plaintiff's complaint, BEST BUY served upon the plaintiff a number of discovery demands, including a demand for a supplemental statement of damages pursuant to C.P.L.R. 3017, as well as a request to admit.

6. By way of response to BEST BUY's demand for a supplemental statement of damages, plaintiff's counsel mailed to the undersigned's office, on December 23, 2020, a demand whereby "plaintiff seeks $600,000.00 in compensatory damages". See "Plaintiff's response combined demands for discovery and inspection" annexed hereto as **Exhibit D**. As can be seen from said Exhibit D, the demand for statement of damages, as well the entirety of plaintiff's response to combined demands for discovery and inspection, were sent, via regular mail, from plaintiff's counsel's office, on December 23, 2020. (See Affidavit of Service annexed within Exhibit D). Said demand for damages was received by the office of the undersigned on or about December 31, 2020.

7. Based upon the foregoing, there can be no doubt that the amount in controversy herein exceeds $75,000.00, exclusive of interest and costs. Indeed, plaintiff has claimed damages of eight-fold such jurisdictional threshold.

8. In addition, this notice of removal is filed within 30 days of plaintiff's damage disclosure served on BEST BUY's counsel office via mail on December 23, 2020.

2

9. On or about June 30, 2020, BEST BUY served upon plaintiff's counsel a Request to Admit, namely that plaintiff admit that as of the time of the within cause of action arose, that is, the date of her accident, plaintiff was a citizen of the state of New York. A copy of said request to admit is attached hereto as **"Exhibit E"**. Included within plaintiff's response to combined demands for discovery and inspection (Exhibit D) plaintiff responded to same by admitting to being a resident of the State of New York at the time of the incident. Of course, the request to admit did not seek to determine whether plaintiff was a "resident" of the State of New York at the time the cause of action arose, but rather, whether she was "citizen" of the State of New York. (See Exhibit "E"). C.P.L.R. § 3017 requires a response to a notice to admit to be served within 30 days. Obviously, substantially more than 30 days elapsed since said service. Indeed, plaintiff did not even attempt to respond to the request to admit until serving her damage demand on December 23, 2020. As plaintiff failed to timely and properly respond, admit or deny the request to admit (within 30 days), the issue sought to be admitted is deemed to be an admission thereof under C.P.L.R. § 3017. Indeed, in plaintiff's summons and complaint, she admits to being a resident of the State of New York as of the time of the cause of action herein arose. Thus, plaintiff was a citizen of the State of New York as of the time her cause of action arose.

10. BEST BUY is a corporation, incorporated in the State of Virginia, with its principal place of business in Richfield, Minnesota.

11. Based upon the foregoing, diversity of citizenship exists. Plaintiff is a citizen of the State of New York. On the other hand, BEST BUY is a foreign business corporation, incorporated in the State of Minnesota and having its principal place of business in Minnesota. Therefore, this action is between a citizen of the State of New

York (plaintiff) and a corporation other than New York, the Defendant, BEST BUY.

12. Written notice of the filing of this Notice of Removal has been given to all parties in accordance with 28 U.S.C. §1446(d), as evidenced in the annexed Certificate of Service.

13. Promptly after filing this Notice with the Court and the assignment of a civil docket number, a copy of this Notice will be filed with the Supreme Court of the State of New York, County of Queens, in accordance with 28 U.S.C. §1446(d).

**WHEREFORE** Petitioner, BEST BUY CO. INC., defendant in the action described herein now pending the Supreme Court of the State of New York, County of Queens, under Index No. *705483/2020E*, prays that this action be removed therefrom to this Honorable Court.

Dated: New York, New York
January 15, 2021

Yours etc.,

_____
Mitchell B. Levine, Esq.
FISHMAN McINTYRE BERKELEY LEVINE SAMANSKY PC
*Attorney for Defendant*
BEST BUY CO., INC.,
521 Fifth Avenue, 17th Floor
New York, New York 10175
212-461-7190/Our File No.: BBY-045

TO: **Leonard B. Chipkin, Esq.**
Feldman, Kramer & Monaco, P.C.
330 Motor Parkway
Hauppauge, New York 11788
631-231-1450
*Attorney for Plaintiff*