# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------X
MARIA LOPEZ,

                              Plaintiff,

-against -


BEST BUY CO., INC.

                              Defendant.
----------------------------------------------------------------X

Index No.:
Filed:

# SUMMONS

Plaintiff designates Queens
County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
37-27 86th Street
Jackson Heights, NY 11372

County of Queens

**To the above named Defendant:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty (20) days after the service of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Hauppauge, New York
        May 16, 2020

                                                Yours, etc.

                                                LEONARD B. CHIPKIN, ESQ.
                                                **FELDMAN, KRAMER & MONACO, P.C.**
                                                Attorneys for Plaintiff
                                                330 Motor Parkway
                                                Hauppauge, New York 11788
                                                Tel.: (631) 231-1450 Fax: (631) 231-4732

TO: **BEST BUY CO., INC.**– *Via Secretary of State*
c/o CORPORATION SERVICE COMPANY
Albany, New York 12207

**BEST Buy CO., INC. d/b/a** – *Via Personal Service*
**BEST BUY LONG ISLAND CITY**
5001 Northern Boulevard
Long Island City, New York 11101

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
MARIA LOPEZ,

                     Plaintiff,

- against -

BEST BUY CO., INC.

                     Defendant.
-------------------------------------------------------------------X

Index No.:

**COMPLAINT**

Plaintiff, by her attorneys, **FELDMAN, KRAMER & MONACO, P.C.**, complaining of the Defendant, states to the Court and alleges upon information and belief:

1. At all times mentioned herein, Plaintiff, **MARIA LOPEZ**, was, and still is, a resident of the County of Queens, State of New York.

2. At all times mentioned herein, Defendant, **BEST BUY CO., INC.** was and still is a foreign business corporation.

3. At all times mentioned herein, Defendant, **BEST BUY CO., INC.**, was doing business at the premises known Best Buy Long Island City located at 5001 Northern Boulevard, Long Island City, County of Queens, State of New York.

4. That on December 7, 2017, and at all times herein mentioned, the premises located at 5001 Northern Boulevard, Long Island City, County of Queens, State of New York (herein after "the premises") was owned by Defendant, **BEST BUY CO., INC.**

5. That on December 7, 2017, and at all times herein mentioned, the premises located at 5001 Northern Boulevard, Long Island City, County of Queens, State of New York (herein after "the premises") was leased by Defendant, **BEST BUY CO., INC.**

6. At all times mentioned herein, Defendant, **BEST BUY CO., INC.**, its agents, servants, and/or employees maintained the premises

7. At all times mentioned herein, Defendant, **BEST BUY CO., INC.**, its agents, servants and/or employees managed the premises.

8. At all times mentioned herein, Defendant, **BEST BUY CO., INC.**, its agents, servants and/or employees controlled the premises.

9. At all times mentioned herein, Defendant, **BEST BUY CO., INC.**, its agents, servants and/or employees inspected the aforesaid premises.

10. At all times mentioned herein, Defendant, **BEST BUY CO., INC.**, its agents, servants and/or employees operated the aforesaid premises.

11. At all times mentioned herein, Defendant, **BEST BUY CO., INC.**, its agents, servants and/or employees supervised the aforesaid premises.

12. At all times mentioned herein, Defendant, **BEST BUY CO., INC.**, its agents, servants and/or employees repaired the aforesaid premises.

13. On or about December 7, 2017, Plaintiff was lawfully at the aforesaid premises.

14. On or about December 7, 2017, Plaintiff was lawfully at the aforesaid premises with the permission and consent of the Defendant.

15. On or about December 7, 2017, while Plaintiff was at the aforesaid premises she was caused to sustain severe and permanent injuries.

16. On or about December 7, 2017, while Plaintiff was lawfully at the aforesaid premises, she was caused to be seriously injured due to the negligence and carelessness of the Defendant, their agents, servants and/or employees in causing, permitting and allowing an employee, worker or agent of **BEST BUY CO., INC.**, to strike Plaintiff with a cart or dolly while in the course of their employment.

17. The aforesaid occurrence was due solely to the negligence and carelessness of the Defendant, **BEST BUY CO., INC.**, and their agents, servants, and/or employees in the ownership, operation, management, control, maintenance, supervision, repair, and/or

inspection of the aforesaid premises and through no fault or lack of care on the part of the Plaintiff herein.

18. This action falls within one or more of the exceptions set forth in CPLR §1602.

19. As a result of the aforesaid, Plaintiff was caused to sustained serious personal injuries, severe shock to her nervous system, certain internal injuries and has been caused to suffer severe physical pain as a result thereof. Upon information and belief, some of the aforesaid injuries are of a permanent lasting nature, all to her damage in sum which exceeds the jurisdictional limits of all lower courts of the State of New York.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount which exceeds the monetary jurisdictional limits of all lower Courts of the State of New York, together with costs and disbursements of this action.

Dated: Hauppauge, New York
May 26, 2020

Yours, etc.,

LEONARD B. CHIPKIN, ESQ.
**FELDMAN, KRAMER & MONACO, P.C.**
Attorneys for Plaintiff
330 Motor Parkway
Hauppauge, New York 11788
Tel.: (631) 231-1450 Fax: (631) 231-4732

## ATTORNEY'S VERIFICATION BY AFFIRMATION

**LEONARD B. CHIPKIN, ESQ.**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at FELDMAN, KRAMER & MONACO, P.C., attorneys of record for Plaintiff, in the action within.

I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the Plaintiff is because Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

Dated: Hauppauge, New York
May __, 2020

_____
**LEONARD B. CHIPKIN, ESQ.**

INDEX NO.:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
MARIA LOPEZ,

                Plaintiff,

                -against-

BEST BUY CO., INC.

                Defendant.
-------------------------------------------------------------------X

## SUMMONS AND COMPLAINT

FELDMAN, KRAMER & MONACO, PC
*Attorneys for Plaintiff*
330 Vanderbilt Motor Parkway
Hauppauge, New York 11788
Telephone: (631) 231-1450 Facsimile: (631) 231-4732